The opinion of the court was delivered by
DeBlanc, J.
Defendant was tried for murder. The first time he was found guilty without capital punishment, and sentenced as the law prescribes. He appealed and we remanded the case, “on the ground that evidence rejected by the lower court might have shown that persons with whom the deceased quarreled a few days previous to the murder had more reasons than the accused for committing the crime. There were no witnesses to the homicide, and the prosecution resting on circumstantial evidence, the rejected proof was as proper as legal.” It was offered in rebuttal, and reason and law commanded its admission.
*369 The second trial took place, defendant was found guilty of manslaughter, and sentenced to twenty years imprisonment at hard labor. He has again appealed, and — to annul the verdict rendered, and reverse the sentence pronounced against him — he urges four different reasons:
1. The entire venire, from which was drawn the jury by whom he was tried, was illegal and void.
2. Leading questions, and questions which tended to elicit opinions and not facts, were propounded to the State witnesses.
3. He was not allowed to prove that deceased had, a short time previous to his death, quarrelled with another party, who had publicly threatened to kill him.
4. A remark from the presiding judge to the district attorney was calculated to prejudice the jury against the prisoner.
I.
The objection to the manner in which the jury had been drawn was not made on the first day of the week for which they had been drawn. It could have been successfully made but on that day. Act of 1877, p.
II.
The questions excepted to as being leading and as tending to elicit mere opinions, are these : The district attorney asked one of the witnesses :
1. Did the deceased — during the 1st, 2d, 3d or 4th visit you paid him, make any declaration, and did he seem to be conscious of his condition ?
2. Did he — from his actions — seem to fear that he was going to die?
3. Did he — at that time — make any voluntary declaration ?
The question propounded to a witness should not suggest but one, a desired answer, nor should it be a riddle. A witness is not a wizard or a sibyl: he must be comprehensively informed of the subject in relation to' which he is to be examined: his attention can properly be directed, by the question, to that particular subject, and — there—left in charge of his memory. Under the too rigid rule invoked by defendant’s counsel, no one could successfully testify in a court of justice, unless he could — on being vaguely interrogated — guess what facts, what dates, what circumstances he is expected to disclose.
’ The rule — as said by Mr. Greenieaf — is to be understood in a reasonable sense ; for if it were not allowed to approach the points at issue by leading questions, the examinations would be most inconveniently protracted. Indeed, when and under what circumstances they may be put, is a matter resting in the sound discretion of the court, and not a matter which can be assigned for error.
Greenieaf on Evidence, vol. 1, Nos. 434, 435, 447.
*370 In answer to the questions excepted to, the witness was not necessarily bound to express an opinion : he could have testified as to his belief, and the facts which induced it. Though one may not always be able to know whether another is going to die, he can almost invariably discover whether the other is himself under that impression. Those who — for even a few months — have stood by the side of a mortally wounded man, can never be deceived as to his hopes and his apprehensions : the light of the hope or shades of the apprehension rest on his brow: they are revealed by an inquiring glance, by the sound of his voice, by an anxious request, by the silent farewell which swells his heart and his lips ; and — as well as the surgeon or the nurse — any one who has seen and heard a wounded man, can testify as to whether he left him under the impression that he was going either to live or to die.
1 L. R. 28.
III.
Defendant offered to prove — not in rebuttal — but as a defence, at least we so presume from the-judge’s ruling, that — -shortly before the homicide — another party had publicly threatened to kill the deceased. Who it was that so threatened, and where that party was when the homicide was perpetrated — -whether on the spot, near to it, in the parish, in the State, on this continent or in this world, we are not informed. The bill of exception does not, in this instance, disclose any fact or circumstance which would have justified the admission of the tendered proof, and it was properly excluded.
IV.
The judge’s remark, to which defendant’s counsel objected, as one calculated to prejudice the jury against the prisoner, was addressed to the district attorney: he warned him to examine the witnesses so as to avoid the taking of any bill of exception, because — he said — this case had already been remanded on the most frivolous technicalities.
From that remark, howsoever incorrect it was, we can draw but one inference: it is that the judge restrained the district attorney in the examination of the witnesses who testified on the trial, and of this the prisoner can not justly complain: that instruction must, necessarily, have been favorable to the defence.
It is — therefore—ordered, adjudged and decreed that the judgment • appealed from is affirmed.